IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID BOYD, <br>    *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 5:17-cv-00123 |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY and RYAN CURTIS, <br>    *Defendants.* | § § § § § | |

## NOTICE OF REMOVAL

Defendants Nationwide Property & Casualty Insurance Company ("Nationwide") and Ryan Curtis (collectively, "Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *David Boyd v. Nationwide Property and Casualty Insurance Company and Ryan Curtis*; Cause No. 2016CI22171, in the 285th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiff David Boyd initiated the present action by filing his Original Petition in Cause No. Cause No. 2016CI22171 in the 285th Judicial District of Bexar County, Texas, on December 30, 2016 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendants appeared and answered on February 17, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendants' Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a fully copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 285th Judicial District Court of Bexar County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff is domiciled in Bexar County, Texas. *See* **Exhibit A**, ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Nationwide Property & Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the States of Ohio.

9.  Defendant Ryan Curtis is domiciled in Mt. Holly, North Carolina.[1] Pursuant to 28 U.S.C. § 1332(a), therefore, Curtis is a citizen of the State of North Carolina.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

11. Plaintiff's Original Petition states that Plaintiff seeks monetary relief "between $200,000 and $1,000,000." *See* **Exhibit A**, ¶ 6. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

12. Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (6) pre and post-judgment interest, and (7) attorney's fees. *See* **Exhibit A, ¶¶** 48-52. Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ 50; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[2]

13. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1] In his petition, Plaintiff incorrectly alleged that Curtis resided in Polk County, Iowa. See **Exhibit A**, ¶ 4. Regardless, Plaintiff has alleged that, and Curtis is in fact not, a citizen of the State of Texas such that diversity requirements are met for purposes of removal.

[2] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendants Nationwide Property & Casualty Insurance Company and Ryan Curtis hereby provide notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANTS NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY and RYAN CURTIS**

## **CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail return receipt requested on this 17th day of February, 2017:

| | |
|---|---|
| Ryan K. Haun<br>D. Douglas Mena<br>Haun Mena, PLLC<br>3006 Brazos Street<br>Houston, Texas 77006<br>ryan@haunmena.com<br>doug@haunmena.com | ***9414 7266 9904 2061 9248 01*** |

                                          */s/ Patrick M. Kemp*
                                          Patrick M. Kemp