IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID BOYD, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No.: 5:17-cv-00123 |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE | § | |
| COMPANY and RYAN CURTIS, | § | |
|    Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, David Boyd, hereinafter referred to as Plaintiff, complaining of Nationwide Property & Casualty Insurance Company ("Nationwide") (hereinafter collectively referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

**I.**
**PARTIES**

    2.    Plaintiff is an individual residing in Bexar County, Texas.

    3.    Defendant Nationwide is a domestic insurance company engaging in the business of insurance in the State of Texas. This Defendant has appeared and answered in this case.

**II.**
**JURISDICTION**

    4.    The court has jurisdiction over Defendant Nationwide because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## III.
## VENUE

5.      Venue is proper in Bexar County, Texas because the insured property is located in Bexar County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## IV.
## FACTS

6.      Plaintiff is the owner of a homeowners insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Nationwide. Plaintiff owns the insured property, which is specifically located at 12518 Chapel Bell Street, San Antonio, Texas, 78230 (hereinafter referred to as "the Property").

7.      Defendant Nationwide sold the Policy insuring the Property to the Plaintiff.

8.      Plaintiff experienced a wind/hail event which caused substantial damage to the Property and constituted covered losses under the Policy issued by Defendant Nationwide. Plaintiff opened a claim with Nationwide, only to have that claim denied. Defendant Nationwide assigned a date of loss of April 12, 2016 to the claim. Defendant Nationwide wrongfully denied Plaintiff's claims and refused to issue a full and fair payment for the loss.

9.      Nationwide assigned adjuster Ryan Curtis to adjust the claim. On October 18, 2016, Ryan Curtis sent a letter denying the claim. The letter claimed the damage to the Property was caused by age, wear and tear, and therefore, not within the scope and coverage of the insurance policy.  However, neither Defendant Nationwide or Ryan Curtis gathered any evidence whatsoever to determine that age or wear and tear was the cause of the loss in question.  Instead, Defendant Nationwide and Ryan Curtis did nothing more than a subjective visual inspection of the property, yet nevertheless attempted to determine

scientific causation. Ryan Curtis lacked the knowledge, training and experience to make this determination, which Nationwide knew, or should have known. Nevertheless, Ryan Curtis was assigned to adjust the claim and to make a determination that he lacked the expertise to make.

10. Curtis made numerous errors in estimating the value and cause of Plaintiff's April 12, 2016 claim, all designed to minimize the loss incurred by the Plaintiff on behalf of Nationwide. The estimate provided by Ryan Curtis failed to properly quantify the origin of the Plaintiff's damages, demonstrating that he did not conduct a thorough investigation of Plaintiff's claim. Ryan Curtis misrepresented the policy benefits available to Plaintiff. Further, based on information and belief, Ryan Curtis did not possess a valid adjusting license in the State of Texas at the time he adjusted Plaintiff's claim.

11. Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy in effect during Plaintiff's loss. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff. Defendant Nationwide's conduct constitutes a breach of the insurance contract between Defendant Nationwide and Plaintiff.

12. Defendant misrepresented to the Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

13.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although Defendant were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

14.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

15.     Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

16.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's loss on the Property.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

17. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claims, beginning an investigation of Plaintiff's claims, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claims. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

18. Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

19. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Nationwide has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for their claims. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058

20. From and after the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Defendant Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance

company would have relied on to deny the full payment. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

22. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

### A.  CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE

23. Defendant Nationwide is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing

### BREACH OF CONTRACT

24. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Defendant Nationwide and Plaintiff.

25. Defendant Nationwide's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Nationwide's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

26. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27. Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(1).

28. Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(2)(A).

29. Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(3).

30. Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(7).

31. Defendant Nationwide's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under the Policy by offering no payment for the damage. Defendant Nationwide refused to offer any payment under the Policy. This failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(a)(5).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

32. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

33. Defendant Nationwide's failure to acknowledge receipt of Plaintiff's claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

34. Defendant Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints constitutes a non-prompt payment of claims within the applicable time constraints and a violation of TEX.INS.CODE §541.056.

35. Defendant Nationwide's delay of the payment of Plaintiff's claims following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

36. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

37. Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at the time, Defendant Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

38. Each of the acts described above, together and singularly, was done "knowingly" as the term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

39. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

40. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

41. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE § 541.152.

42. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose name are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary

services of Plaintiff's attorney in the preparation of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.
## JURY DEMAND

44.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in the Western District of Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and future relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**HAUN MENA, PLLC**

By: /s/ *D. Douglas Mena*
     D. DOUGLAS MENA
     State Bar No.: 24054982
     RYAN K. HAUN
     State Bar No.: 24055634
     3006 Brazos Street
     Houston, Texas 77006
     (713) 781-8600- Telephone
     (713) 781-8601- Fax
     ryan@haunmena.com
     doug@haunmena.com

     **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of May, 2017, a true and correct copy of the foregoing was delivered to counsel for Defendant in accordance with the Federal Rules of Civil Procedure:

     Patrick M. Kemp
     pkemp@smsm.com
     100 Congress Avenue, Suite 800
     Austin, Texas 78701
     (512) 476-7834
     (512) 476-7832 - Facsimile

     */s/ D. Douglas Mena*
     D. DOUGLAS MENA